UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIK DAVID NEVAREZ,

    Petitioner,                         Criminal Number 08-20517
                                          Civil Number 10-14701
v.                                              Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER SUSTAINING IN PART AND OVERRULING IN PART PETITIONER'S OBJECTIONS, ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING PETITIONER'S MOTION FOR DOCUMENTS AND TRANSCRIPTS**

Petitioner Eric Nevarez ("Petitioner") was charged in a single-count indictment with conspiracy to manufacture and possess with intent to manufacture more than 1,000 marijuana plants in violation of 21 U.S.C. §§ 846 and 841(a)(1). ECF No. 37. On May 27, 2009, Petitioner pleaded guilty to the single count in the indictment pursuant to a Rule 11 plea agreement. ECF No. 113. Petitioner was sentenced on November 3, 2009, and a judgment was entered on November 4, 2010, sentencing him to the custody of the Bureau of Prisons for a term of 240 months. ECF No. 152. The docket does not reflect any notice of appeal filed within the time limits stated in Rule 4(b) of the Federal Rules of Criminal Procedure.

Petitioner subsequently filed a motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 161. Petitioner contends that his counsel was ineffective for "coercing [him] to sign a plea agreement" because Petitioner is "not proficient in English" and "didn't understand the procedure and the plea agreement" and that his "attorney coerced [him] in conjunction with prosecutor to sign a plea agreement pleading guilty." ECF No. 161 at 4. Petitioner

also claims that his attorney was ineffective for "not arguing about the motion to suppress filed . . . that was never solved or taken into consideration by the judge [because] [t]he motion to suppress had merit" and for "not arguing the 'motion to dismiss' indictment in a proper way." *Id.* at 5-6. Petitioner also contends that his "attorney failed to appeal the conviction as I wanted her to do." *Id.* at 10.

Petitioner's motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Petitioner's motion on March 11, 2011. ECF No. 176. Judge Binder recommended denying Petitioner's motion because (1) the record of the plea hearing does not support Petitioner's claim that his plea was not knowing and voluntary; (2) Petitioner's counsel was not ineffective for allowing Petitioner to plead guilty before resolving the pending motions in the case because Petitioner has not demonstrated any prejudice that would render his plea proceedings unreliable; and (3) Petitioner's counsel was not ineffective for failing to appeal the conviction where Petitioner had knowingly and voluntarily entered into a plea agreement waiving his appellate rights. Judge Binder also recommended denying Petitioner's motion for documents and transcripts as moot.

Petitioner filed an objection to Judge Binder's report and recommendation. ECF No. 177. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Because there was no error in Judge Binder's analysis, his report and recommendation will be adopted in part and rejected in part, Petitioner's objections will be sustained in part and overruled in part, and his motion to vacate, set aside, or correct his sentence will be denied. Petitioner's motion for documents and transcripts will also be denied.

# I

Petitioner's objections do not allege errors in Judge Binder's recommendations, but instead requests, in relevant part, that the Court grant his request for documents and transcripts. He also requests that the Court defer adopting Judge Binder's report and recommendation until Petitioner receives the requested documents and transcripts and can amend his § 2255 motion.

A § 2255 petitioner in this Court wishing to receive a free transcript must satisfy two conditions. As a preliminary matter, he must be certified to proceed in forma pauperis under 28 U.S.C. § 1915. *United States v. Chambers*, 788 F. Supp. 334, 338 (E.D. Mich. 1992). Next, he must submit a motion for free transcript setting forth specific factual allegations in support of his forthcoming § 2255 motion. *Id.* The Court will examine the petitioner's motion to determine whether it is frivolous and whether the requested transcripts are needed to decide the issues to be raised in the § 2255 motion. The Court will then decide whether or not to grant the motion for free transcript. Although Petitioner has been granted leave to proceed in forma pauperis, his motion does not set forth the specific factual allegations in support of his proposed amended § 2255 motion. Accordingly, Petitioner's objection to Judge Binder's recommendation to deny his motion for documents and transcripts is sustained in part, and Judge Binder's recommendation to deny the motion as moot will be rejected. Petitioner's motion, however, is insufficient to determine whether he merits free documents and transcripts and will be denied.

Because Judge Binder's recommendation to deny Petitioners § 2255 motion is sound, Petitioner's motion for an extension of time to file an amended § 2255 motion will be overruled.

## II

Accordingly, it is **ORDERED** that Petitioner's objections (ECF No. 177) are **SUSTAINED IN PART AND OVERRULED IN PART**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 176) is **REJECTED IN PART AND ADOPTED IN PART**.

It is further **ORDERED** that Petitioner's motion to vacate his conviction and sentence pursuant to 42 U.S.C. § 2255 (ECF No. 161) is **DENIED**.

It is further **ORDERED** that Petitioner's motion for documents and transcripts (ECF No. 164) is **DENIED**.

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: May 7, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Erik David Nevarez, #42346039, FCI Allenwood Low, P.O. Box 1000, White Deer, PA 17887 by first class U.S. mail on May 7, 2012.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS